IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:23-CR-00036-KDB-SCR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| ALVIN JUAN'WON LINEBARGER, | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant Alvin Juan'won Linebarger's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and appointment of counsel. (Doc. No. 38). Defendant seeks compassionate release stating he has faced harsh prison conditions, his rehabilitation efforts, the youthful offender amendment, COVID-19 and his health problems, and being a caregiver to his elderly grandmother. *Id*. at 1-2. Having carefully reviewed Defendant's motion and all other relevant portions of the record, the Court will deny the motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

In May of 2024, Defendant pled guilty to possession of a firearm by a prohibited person. (Doc. No. 24). He was sentenced to 84 months imprisonment followed by two years of supervised release. (Doc. No. 36).

Defendant is a 39-year-old male serving his prison sentence at FCI Beckley in West Virginia. According to the Bureau of Prisons, his scheduled release date is December 3, 2030. Defendant seeks a reduction in sentence under the compassionate release statute, 18 U.S.C § 3582(c)(1)(A). Defendant bases his motion on harsh prison conditions, his rehabilitation efforts, the youthful

offender amendment, COVID-19 and his health problems, and being a caregiver to his elderly grandmother. (Doc. No. 38, at 1-2).

On November 1, 2023, the Sentencing Commission's proposed amendment to § 1B1.13 came into effect. The new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release. See USSG § 1B1.13; *see United States v. McCoy*, 981 F. 3d 271, 282 (4th Cir. 2020). District courts are now advised to consider the medical circumstances of the defendant, the age of the defendant, family circumstances, whether the defendant is or has been a victim of abuse or served an unusually long sentence. §§ 1B1.13(b)(1)-(4), (6). The new Guideline also states that district courts may consider any other set of circumstances which rises to the level of gravity of the factors enumerated in the Guideline. §1B1.13(b)(5).

Defendant asserts that the conditions in the prison are harsh and that constitutes an extraordinary and compelling reason for a sentence reduction. He claims that his food is served cold, there is limited SHU bedspace, and there are excessive lockdowns. (Doc. No. 38, at 2-3). Defendant contends that the Eighth Amendment's prohibition against cruel and unusual punishment supports his motion. But Eighth Amendment protections and standards are not applicable to the compassionate release analysis under Section 3582(c). *See United States v. Butler*, No. 16-54-RGA, 2020 WL 3207591, at *3 (D. Del. June 15, 2020) (stating that defendant's contention that BOP officials have mishandled the COVID-19 crisis and are violating the inmates' Eighth Amendment rights does not provide a basis for compassionate release); *United States v. Statom*, No. 08-20669, 2020 WL 261156, at *3 (E.D. Mich. May 21, 2020); *United States v. Rodriguez-Collazo*, No. 14-CR-00387, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) ("Defendant contends that the current conditions at Elkton FCI violate his Fifth and Eighth

Amendment rights. However, these claims—which the Court construes as challenging the execution of his sentence at Elkton FCI—are not properly brought in a motion for compassionate release[.]"); *United States v. Numann*, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (explaining that "claims relating to the manner and conditions of confinement . . . are not properly brought in a motion for compassionate release").

To the extent Defendant is challenging the execution of his confinement due to alleged Eighth Amendment violations, he should file a petition seeking habeas corpus relief under § 2241. That petition must be filed in the district of confinement. *See generally United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 was not the proper venue because it was not the district of confinement).[1]

Defendant asserts that his extensive efforts at rehabilitation is an extraordinary and compelling reason for a compassionate release. (Doc. No. 64, at 6-7). Congress has provided that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" to reduce a sentence. 28 U.S.C. § 924(t). According to Bureau of Prison records, Defendant has taken just a few classes. The Court finds that Defendant's nominal attempts at rehabilitation do not constitute an "extraordinary and compelling reason" for a sentence reduction.

Defendant contends that some of his prior convictions occurred when he was young and that the Sentencing Commission's recent amendment to U.S.S.G. §5H1.1 in Amendment 829 would affect his sentence. (Doc. No. 38 at 3-4). Defendant was sentenced on October 2, 2024, and this Court considered all the characteristics of Defendant when tailoring a proper sentence under the Sentencing Commission's guidelines. Furthermore, Amendment 829 became effective on November 1, 2024, and is not retroactive. Additionally, the language in the amendment states "a

---

[1] Defendant is confined at Beckley FCI, which is located in the Southern District of West Virginia.

downward departure also *may* be warranted due to the defendant's youthfulness at the time of the offense or prior offenses". It remains in the Court's discretion whether a departure is warranted.

Defendant claims that the existence of Covid-19 in society coupled with his health problems could constitute an extraordinary and compelling reason for a sentence reduction. (Doc. No. 38, at 1). According to his Presentence Report, Defendant reports that he suffers from asthma and uses an inhaler as needed for the treatment of that condition and does not suffer from any other physical health conditions and is not prescribed any medication. (Doc. No. 33, ¶ 106). Additionally, Defendant does not attach any medical records in support of any medical issues. The Court notes that it is the end of 2025 and the pandemic is over. Furthermore, according to Bureau of Prison records, Beckley FCI currently has 1,680 inmates, 728 inmates are fully inoculated, there are zero open cases of COVID-19 and during the totality of the pandemic there were zero deaths due to COVID-19 at Beckley FCI. *See* bop.gov/about/statistics_inmate_covid19.jsp. The Court does not find Defendant to be at any increased risk of possible death because of the prior pandemic.

Defendant asserts that he needs to be a caregiver to his elderly and aging grandmother. (Doc. No. 38, at 2). Defendant fails to provide medical records regarding his grandmother to substantiate any medical claims nor has he shown that he is "the only" available caregiver for his grandmother. Therefore, the Court will not consider the merit of his claim.

The Court does not find any of the raised issues taken separately or together to constitute an "extraordinary and compelling" reason for a sentence reduction.

"[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent they are applicable.' § 3582(c)(1)(A). Only after considering those factors should the district court determine whether to grant compassionate

release." *United States v. Malone*, 57 F.4th 167 at 174 (4th Cir. 2023). Having found there are no extraordinary and compelling reasons for release, the Court need not consider the applicable § 3353(a) factors.

Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)); *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require, and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B).

Because there is no absolute right to the appointment of counsel, a plaintiff must present "exceptional circumstances" in order for the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities. The district court's failure to make these assessments is legal error." *Jenkins v. Woodard*, 109 F.4th 242 (4th Cir. 2024) at 248 (citing *Brock v. City of Richmond*, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). Where a pro se plaintiff presents a colorable claim but "lacks the capacity to present it" in light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at 247 (quoting *Whisenant*, 739 F.2d at 162).

Defendant requests appointment of counsel to pursue a compassionate release motion and a challenge to his sentence. Defendant is 39 years old and attended high school until the eleventh grade when he withdrew from school to work fulltime to financially support his daughter. (Doc. No. 33 at 2, ¶ 109). Defendant has submitted a compassionate release motion and has stated his case for what he considers to be an extraordinary and compelling reason for a sentence reduction. (Doc. No. 38). The Defendant has failed to meet any of the requirements for establishing exceptional circumstances necessitating the appointment of counsel. *See United States v. Riley*, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018 (Doc. No. 38), is **DENIED**.

**SO ORDERED.**

Signed: November 19, 2025

Kenneth D. Bell
United States District Judge